NO. 12-03-00389-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
TIMOTHY BAKER SHOTWELL,                      §               APPEAL FROM THE 173RD
APPELLANT
 
V.                                                                          §               JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                          §               HENDERSON COUNTY, TEXAS
                                                                                                                                                             
MEMORANDUM OPINION
            Timothy Baker Shotwell (“Appellant”) was convicted of the felony offense of evading arrest
and was sentenced to twelve months of imprisonment. Appellant raises one issue on appeal. We
affirm.
 
Background
            On March 16, 2003, Jeremy Huggins (“Huggins”), an officer with the Athens Police
Department, was working the night shift on traffic patrol and had parked on Highway 175. At around
12:40 a.m., Huggins noticed a blue Cadillac traveling on Highway 175 without a license plate light,
and began initiating a traffic stop by sounding the patrol car’s siren and turning on the car’s overhead
flashing lights. Soon after Huggins turned on his warning lights, Appellant drove away from him. 
Huggins continued to pursue Appellant, even traveling in excess of 100 miles per hour. Appellant
exited off Loop 317 and continued traveling on Highway 19. Huggins followed, and noticed
Appellant’s car pass in front of him. Appellant then lost control of his vehicle and drove into a ditch. 
Appellant drove out of the ditch, turned onto the exit ramp for Loop 317, and drove up the exit ramp
the wrong way to Loop 317. Huggins continued to follow Appellant after he made a left turn onto FM
1616 from Loop 317. After traveling about a mile on FM 1616, Appellant made a right turn onto Trey
Circle, stopped his car, and surrendered to Huggins. 
            On April 23, Appellant was indicted for evading arrest.


 On September 24, Appellant filed a
motion in limine, asking the court to exclude all extraneous crime or misconduct evidence that was
not alleged in the indictment. On September 26, the State informed Appellant that it intended to
introduce evidence “that on or about May 21, 2002, the Defendant was placed on probation for
aggravated Sexual Assault of a Child in Kaufman County, Texas.” 
            Appellant’s trial began on September 29. At trial, and outside the presence of the jury, the
State informed the court that it planned to elicit evidence from Huggins that Appellant told Huggins
that he had run from him because he had an outstanding warrant for aggravated sexual assault in
Kaufman County. Appellant’s attorney objected, arguing that such character evidence is inadmissible
under Texas Rules of Evidence 403 and 404(b). The court sustained the objections, but stated, “I’ll
be open to revisit it.” 
            After Huggins testified, Appellant moved for a directed verdict, which the court overruled. The
State then informed the court that because Appellant would testify in his own behalf, the State planned
to ask Appellant why he evaded, thus eliciting evidence that Appellant was running from Huggins
because he had an outstanding warrant. Appellant’s attorney objected to such questioning under Texas
Rule of Evidence 403, stating that the warrant was not relevant. 
            Before the jury returned, Appellant testified that he ran from Huggins because he had warrants
against him and that the warrant was for a firearm. The court then stated that it would allow the State
to inquire as to why Appellant ran. Appellant’s attorney objected to this testimony on the basis that
1) it was not relevant, 2) it did not fall under any exception to Texas Rule of Evidence 404(b), and 3)
any probative value of the testimony was substantially outweighed by the prejudicial effect of bringing
up an unadjudicated offense. The court never ruled on these objections, but stated that it would only
allow Appellant to testify that he knew he had a felony warrant.
            Appellant testified and stated that he ran from Huggins because he had a probation violation
warrant against him out of Kaufman County and he did not want to go to jail that night. On cross-examination, the State asked Appellant how long he knew he had a warrant out for his arrest, to which
Appellant replied, “Six months.” The State then said, “You had a felony probation revocation warrant
for six months?” Appellant’s attorney objected on the basis that the question went outside the scope
of the court’s previous instructions as to what could be elicited regarding the warrant, and the court
overruled the objection. The State again inquired whether or not Appellant had a felony probation
revocation warrant for six months, and Appellant replied, “Yes, sir.”
            After both parties rested and concluded their cases, the jury found Appellant guilty of evading
arrest. Later that day, the State and Appellant appeared for Appellant’s sentencing hearing, and
informed the judge that they had agreed on a sentence of twelve months of confinement in the state
jail felony facility, with no fine. The court then sentenced Appellant to the agreed sentence.
            Appellant now appeals his conviction, raising one issue on appeal.
 
Admissibility of Extraneous Offense Evidence
            In his sole issue on appeal, Appellant contends that the trial court erred when it admitted
evidence that he had a felony probation revocation warrant against him out of Kaufman County, Texas. 
The State argues that the trial court did not err by admitting this evidence because 1) Appellant
“opened the door” by offering the evidence first, and 2) the probative value of the evidence was not
substantially outweighed by the possible prejudicial effect. 
Standard of Review
            An appellate court reviewing a trial court’s ruling on the admissibility of evidence must utilize
an abuse of discretion standard of review. Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App.
2000). The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts
present an appropriate case for the trial court's action; rather, it is a question of whether the court acted
without reference to any guiding rules or principles, and the mere fact that a trial court may decide a
matter within its discretionary authority differently than an appellate court does not demonstrate such
an abuse. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). An
abuse of discretion occurs when a trial court's decision is so clearly wrong as to lie outside that zone
within which reasonable persons might disagree. Id. at 380.
Applicable Law
            Generally, evidence of other crimes, wrongs, or acts is not admissible to prove the character
of a person in order to show action in conformity therewith. Tex. R. Evid. 404(b). However, several
exceptions to the general rule exist, and evidence of an extraneous offense that shows an accused’s
motive or intent is admissible if it is material and its relevancy to a material issue outweighs its
prejudicial potential. Valdez v. State, 776 S.W.2d 162, 168 (Tex. Crim. App. 1989). 
Analysis
            Evidence of motive is one kind of evidence aiding in establishing proof of the primary offense. 
Valdez, 776 S.W.2d at 168. Thus, the prosecution may offer evidence to show motive for the
commission of an offense because it is relevant as a circumstance to prove the commission of the
offense. Id. Of course, the testimony must fairly tend to raise an inference in favor of the existence
of a motive on the part of the accused to commit the primary offense. Id.
            In the instant case, the State sought to introduce evidence that Appellant had an outstanding
probation revocation warrant in order to show his motive for intentionally running from Huggins,
which is a necessary element of the offense of evading arrest.


 Appellant testified that he ran from
Huggins because he knew that he had outstanding warrants, which raises the inference that Appellant
intentionally fled from Huggins because he did not want to go to jail. Therefore, the trial court did not
err in allowing the State to elicit evidence regarding Appellant’s outstanding warrants. 
 
Conclusion
            The trial court did not err by admitting evidence at trial that Appellant had an outstanding
warrant against him at the time he ran from Huggins. Accordingly, the judgment of the trial court is
affirmed. 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
Opinion delivered June 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(DO NOT PUBLISH)